UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PROFESSIONAL PHOTOGRAPHERS OF AMERICA, INC., a Delaware Not-For-Profit Corporation,<br><br>Plaintiff/Counter-defendant,<br><br>v.<br><br>RANGEFINDER PUBLISHING PUBLISHING CO., INC., a California Corporation,<br><br>Defendant/Counterclaimant. | ) Civil Action No.<br>)<br>) CV 08-02324 SVW (CWx)<br>)<br>) **CONSENT JUDGMENT AND**<br>) **PERMANENT INJUNCTION**<br>)<br>)<br>) Hon. Stephen V. Wilson<br>)<br>) JS-6<br>)<br>)<br>)<br>)<br>) |

Plaintiff and Counter-defendant PROFESSIONAL PHOTOGRAPHERS OF AMERICA, INC. ("PLAINTIFF") and Defendant RANGEFINDER PUBLISHING CO., INC. ("DEFENDANT"), have entered into a written settlement agreement (the "Agreement") as a basis for resolving this action, including the entry of this Consent Judgment and Permanent Injunction. Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1. 1. This Court possesses subject matter jurisdiction over this action.

2. 2. This Court possesses personal jurisdiction over DEFENDANT.

3. 3. Venue is proper in this Judicial District.

4. 4. PLAINTIFF is a corporation duly organized and existing under the laws of the State of Delaware and having its principal place of business in Atlanta, Georgia.

5. 5. DEFENDANT is a corporation duly organized and existing under the laws of the State of California and having its principal place of business in Culver City, California.

6. 6. PLAINTIFF possesses valid and enforceable rights in the service mark "IMAGING USA" (the "IMAGING USA Mark") for trade shows in the field of professional photography. PLAINTIFF possesses a valid and enforceable federal service mark registration for the IMAGING USA Mark, Registration No. 3,041,079, for trade shows in the field of professional photography.

7. 7. On April 8, 2008 PLAINTIFF commenced this action against DEFENDANT, in which PLAINTIFF is asserting claims for relief for Federal Trademark Infringement, False Designation of Origin, California Common Law Trademark Infringement, and California Unfair Competition.

8. 8. On May 12, 2008 DEFENDANT filed a Counterclaim against PLAINTIFF, in which DEFENDANT is asserting claims for Declaratory Relief pertaining to the IMAGING USA Mark, the IMAGING EXPO Mark, and the DEFENDANT's service mark World Imaging Expo ("the WORLD IMAGING EXPO Mark").

9. 9. DEFENDANT's counterclaim and each claim for relief thereof against PLAINTIFF is hereby dismissed, with prejudice.

1. This Court possesses subject matter jurisdiction over this action.

2. This Court possesses personal jurisdiction over DEFENDANT.

3. Venue is proper in this Judicial District.

4. PLAINTIFF is a corporation duly organized and existing under the laws of the State of Delaware and having its principal place of business in Atlanta, Georgia.

5. DEFENDANT is a corporation duly organized and existing under the laws of the State of California and having its principal place of business in Culver City, California.

6. PLAINTIFF possesses valid and enforceable rights in the service mark "IMAGING USA" (the "IMAGING USA Mark") for trade shows in the field of professional photography. PLAINTIFF possesses a valid and enforceable federal service mark registration for the IMAGING USA Mark, Registration No. 3,041,079, for trade shows in the field of professional photography.

7. On April 8, 2008 PLAINTIFF commenced this action against DEFENDANT, in which PLAINTIFF is asserting claims for relief for Federal Trademark Infringement, False Designation of Origin, California Common Law Trademark Infringement, and California Unfair Competition.

8. On May 12, 2008 DEFENDANT filed a Counterclaim against PLAINTIFF, in which DEFENDANT is asserting claims for Declaratory Relief pertaining to the IMAGING USA Mark, the IMAGING EXPO Mark, and the DEFENDANT's service mark World Imaging Expo ("the WORLD IMAGING EXPO Mark").

9. DEFENDANT's counterclaim and each claim for relief thereof against PLAINTIFF is hereby dismissed, with prejudice.

10. DEFENDANT will immediately expressly abandon, with prejudice, its U.S. application Ser. No. 76/685081 filed with the U.S. Patent and Trademark Office for the mark WORLD IMAGING EXPO.

11. PLAINTIFF contends that DEFENDANT has infringed PLAINTIFF's rights in the IMAGING USA Mark and in the IMAGING EXPO Mark by using in commerce, without the consent of PLAINTIFF, the WORLD IMAGING EXPO Mark, a confusing similar designation, which is likely to cause customer and consumer confusion as to the source of origin or relationship of PLAINTIFF's and DEFENDANT's services.

12. DEFENDANT, its successors in interest, officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of this Consent Judgment and Permanent Injunction, by personal service or otherwise, are hereby enjoined and permanently restrained from the following acts:

(a) adopting or using any of the names WORLD IMAGING EXPO, IMAGING EXPO, or IMAGING USA alone or in combination as or as part of the name of its trade shows, conventions or educational events, or trade names, trademarks or service marks in the photography trade show, convention, or educational events field.

13. Within thirty (30) days after the entry of this Consent Judgment and Permanent Injunction, DEFENDANT shall file with this Court and serve on PLAINTIFF a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction.

14. This Court shall retain jurisdiction over this Consent Judgment and Permanent Injunction and the Agreement for the purpose of ensuring compliance with the terms thereof and of enabling PLAINTIFF or DEFENDANT to apply to this Court at any time for further orders.

15. In any action to enforce the provisions of this Consent Judgment and Permanent Injunction, the prevailing party shall be entitled, in addition to any other orders of the Court, to recover its reasonable costs and attorneys' fees.

16. The failure of either party to enforce a clause of this Consent Judgment and Permanent Injunction from time to time shall not constitute a waiver of any other provision of this Consent Judgment and Permanent Injunction or any subsequent violation of the same provision of this Consent Judgment and Permanent Injunction, unless such waiver is in writing and signed by the other party.

17. Any such written waiver, as provided for in Paragraph 16, above, relating to one provision of this Consent Judgment and Permanent Injunction shall not constitute a waiver of any other provision.

**IT IS SO ORDERED:**

Dated: October 2, 2008___         _____
                                  UNITED STATES DISTRICT JUDGE